UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER SANTOS LUCAS JUAN,<br><br>                               Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LaROSE, Senior Warden Otay Mesa Detention Center; TODD BLANCHE, Acting United States Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>                               Respondents. | Case No.: 3:26-cv-3568-JES-AHG<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Javier Santos Lucas Juan's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1, ("Pet.") Pursuant to the Court's Order to Show Cause, (ECF No. 2), Respondents filed a Return in which they express their non-opposition to the Petition and defer to the Court on granting the appropriate relief. ECF No. 4, ("Ret.") at 2.

1

The threshold question in this case is whether Petitioner is detained under 8 U.S.C. § 1225(b)(2)—the mandatory detention provision governing applicants for admission—or 8 U.S.C. § 1226(a), which governs detention of noncitizens already present in the United States and affords an individualized bond hearing. The resolution of which noncitizen detention statute (i.e., 8 U.S.C. § 1225(b)(2) or 8 U.S.C. § 1226(a)) turns in part on Petitioner's immigration status and the precise legal basis on which he was permitted to remain in the United States following his 2019 entry.

According to the Petition, Petitioner presented himself at the border near El Paso, Texas in May 2019 accompanied by his then-eleven-year-old son, Domingo Lucas Juan. Pet. ¶ 27. Petitioner alleges he was "permitted to enter the United States with his son in order to care for him," and that removal proceedings were initiated against his son only, while Petitioner was not placed in removal proceedings at that time. *Id*. Petitioner further alleges that over the ensuing seven years, he regularly attended ICE check-ins, which occurred every three to four months. *Id*.

The factual record before the Court does not make clear what legal status, if any, Petitioner held during this period. *See generally* Pet.; *see also* Ret. Although the parties do not dispute that 8 U.S.C. 1226(a) governs Petitioner's detention, the nature of Petitioner's 2019 release bears directly on the appropriate remedy. *See* Ret. at 2.

Petitioner's Traverse seeks immediate release rather than a bond hearing. (ECF No. 5 at 2–3.) But the appropriate remedy turns in part on whether DHS granted Petitioner formal parole under 8 U.S.C. § 1182(d)(5) or 8 C.F.R. § 212.5 in 2019. Conversely, if Petitioner was simply released pursuant to a prosecutorial discretion determination or recognized family unit policy without a formal grant of parole or a change in status, the analysis may differ. The record is presently insufficient for the Court to make that determination. Accordingly, the Court hereby **ORDERS** the following:

(1)    Respondents **SHALL FILE** supplemental briefing, no later than 5:00 p.m. on **June 25, 2026**, addressing the following:

//

3:26-cv-3568-JES-AHG

a. On what legal authority was Petitioner permitted to enter and remain in the United States following his May 2019 presentation at the El Paso border?

    i. Specifically, was Petitioner granted conditional parole pursuant to 8 C.F.R. § 212.5(b), 8 U.S.C. § 1182(d)(5), or any other parole authority?

    ii. If so, Respondents shall provide the date of any such grant, the basis and conditions of parole, and whether that parole was ever revoked or terminated.

b. If Petitioner was not granted parole, on what legal basis did DHS permit Petitioner to remain in the United States from 2019 to 2026?

c. Did DHS initiate removal proceedings against Petitioner during that period?

    i. If so, when, and by what document?

d. What is Petitioner's current immigration status, if any, and what is the legal basis for his current detention—specifically, whether DHS asserts detention authority under 8 U.S.C. § 1225(b)(2) or some other provision?

(2) Respondents shall support their supplemental briefing with relevant documentation, including but not limited to any warrant of arrest, notice to appear, parole determination, or record of the 2019 entry event.

**IT IS SO ORDERED.**

Dated: June 23, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

3

3:26-cv-3568-JES-AHG